**26SL-CC02114**

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

LINDA ALEXANDER,

    Plaintiff,

v.

FARMERS INSURANCE,

Serve:  c/o Registered Agent
        CSC-Lawyers Incorporating Service Co.
        221 Bolivar Street
        Jefferson City, MO 65101

and

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I.,

Serve:  c/o Registered Agent
        CSC-Lawyers Incorporating Service Co.
        221 Bolivar Street
        Jefferson City, MO 65101

    Defendants.

Cause No:

Division:

**JURY TRIAL DEMANDED**

## PETITION

COMES NOW, Plaintiff Linda Alexander ("Plaintiff" or "Alexander"), by and through her undersigned counsel, Ryan M. Campbell, of Morgan & Morgan, P.A., and for her cause of action against Defendant Farmers Insurance ("Defendant Farmers" or "Farmers") and Defendant American Family Insurance Company, S.I. ("Defendant American Family" or "American Family") states as follows:

## PARTIES

1.    At all times relevant hereto, Plaintiff Linda Alexander was and is a citizen and resident of the State of Georgia.

1

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

2.      At all times relevant hereto, Defendant Farmers Insurance is now, and was at all times herein, a foreign insurance company licensed, soliciting, and transacting business in the State of Missouri.

3.      At all times relevant hereto, Defendant American Family Mutual Insurance Company, S.I., is now, and was at all times herein, a foreign insurance company licensed, soliciting, and transacting business in the State of Missouri.

## VENUE AND PERSONAL JURISDICTION

4.      Venue is proper in the Circuit Court of St. Louis County pursuant to RSMo § 508.010 because Plaintiff was first injured in St. Louis County.

5.      Jurisdiction is proper over the Defendants in the State of Missouri pursuant to at least RSMo § 506.500 because Defendants conduct business within the State of Missouri.

## FACTUAL ALLEGATIONS

6.      That on or about September 23, 2022, Plaintiff was a restrained passenger in a vehicle being operated in St. Louis County, Missouri.

7.      That the vehicle Plaintiff was travelling in was being operated in a generally eastern direction on Eager Road.

8.      That Eager Road is a public thoroughfare which passes through, among other areas, St. Louis County, Missouri.

9.      That on or about September 23, 2022, Andra Hogan was operating a motor vehicle in St. Louis County, Missouri.

10.     That Andra Hogan was travelling in a generally eastern direction on Eager Road behind a vehicle Christine White operated and Plaintiff was a restrained passenger in.

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

11. That Andra Hogan failed to keep a proper lookout and collided with the rear of the vehicle in which Plaintiff was a restrained passenger.

12. That Plaintiff did not have a chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff.

13. As a direct and proximate result of Andra Hogan's negligence herein described, Plaintiff suffered injuries to her neck, left elbow, right hip, right side, and back; and experienced pain and suffering, lost enjoyment of life, and garden variety emotional distress.

14. As a direct and proximate result of the aforesaid negligent acts and omissions, Plaintiff has suffered damages in excess of $25,000.00 and is reasonably certain to sustain additional expenses and loss in the future on account of medical treatment, pain, and suffering.

## COUNT I
**Defendant Farmers Insurance's Breach of Underinsured Motorist Coverage**

15. Plaintiff hereby incorporates by reference the above allegations as though fully set forth herein.

16. That Plaintiff purchased an insurance policy through Defendant Farmers for automobile coverage, including underinsured motorist protection, with effective policy dates of September 23, 2022, through January 8, 2023.

17. That Defendant Farmers issued an insurance policy to Plaintiff as named insured, with the assigned policy number of 18706-08-51.

18. That the policy was in full force and effect on September 23, 2022, the date of the incident.

19. That Plaintiff paid Defendant Farmers premiums for insurance coverage, to include underinsured motorist coverage in the amount of Two Hundred and Fifty Thousand

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

Dollars ($250,000.00) per person and Five Hundred Thousand Dollars ($500,000.00) per occurrence.

20.    Plaintiff was a restrained passenger of the vehicle and is entitled to benefit from the insurance contract's protections.

21.    That, as referenced supra, Plaintiff sustained bodily injury as a result of the collision with the Underinsured driver.

22.    That all conditions precedent to the liability of Defendant Farmers under Plaintiff's own underinsured motorist policy have been met.

23.    That on or about May 25, 2023, Plaintiff sent Defendant Farmers a demand for settlement of her claim under the underinsured motorist provision of the insurance policy.

24.    That as a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has been damaged.

WHEREFORE, Plaintiff Linda Alexander, prays for a judgment in her favor and against Defendant Farmers Insurance Company on Count I, for an award of damages in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with Plaintiff's costs herein expended, and for any other and further relief this Court deems just and proper under the circumstances.

## COUNT II
**Defendant Farmers Insurance's Vexatious Refusal to Pay**

25.    Plaintiff hereby incorporates by reference the above allegations ass though fully set forth herein.

26.    That on or about May 25, 2023, Plaintiff sent Defendant Farmers a formal demand for settlement of her claim under the underinsured motorist provision of the insurance policy.

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

27.     That in the formal demand served upon Defendant Farmers, Plaintiff acknowledged that she has accrued Twenty Thousand Fifty Dollars and Ten Cents ($20,050.10) in medical bills and has suffered significant and permanent injuries resulting from the collision.

28.     That Defendant Farmers has failed to make a payment under and in accordance with the terms of the underinsured motorist provision of the insurance contract.

29.     That Defendant Farmers' refusal to pay for the losses incurred by Plaintiff as a result of the collision were and are without reasonable cause or excuse.

30.     That pursuant to RSMo § 375.420, Plaintiff is entitled to, in addition to all damages associated with Count I, twenty percent (20%) of the first $1,500.00 of loss and ten percent (10%) for all losses greater than $1,500.00, as well as Plaintiff's attorney fees.

WHEREFORE, Plaintiff Linda Alexander, prays for a judgment in her favor and against Defendant Farmers Insurance Company on Count II, for an award of damages in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended, and for any other and  further relief this Court deems just and proper under the circumstances.

## COUNT III
**Defendant American Family's Breach of Underinsured Motorist Coverage**

31.     Plaintiff hereby incorporates by reference the above allegations as though fully set forth herein.

32.     That Christine White, driver of the vehicle in which Plaintiff was a restrained passenger at the time of the collision, purchased an insurance policy through Defendant American Family for automobile coverage, including underinsured motorist protection, with effective policy dates of August 11, 2022, through February 11, 2023.

33.     That Defendant American Family issued an insurance policy to Christine A. White as named insured, with the assigned policy number of 0677-8850-05-98-FPPA-MO.

5

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

34. That the policy was in full force and effect on September 23, 2022, the date of the incident.

35. That Christine White paid Defendant American Family premiums for insurance coverage, to include underinsured motorist coverage in the amount of One Hundred Thousand Dollars ($100,000.00) per person and Three Hundred Thousand Dollars ($300,000.00) per occurrence.

36. Plaintiff was a restrained passenger of the vehicle insured by Defendant American Family and is entitled to benefit from the insurance contract's protections.

37. That, as referenced supra, Plaintiff sustained bodily injury as a result of the collision with the underinsured driver.

38. That all conditions precedent to the liability of Defendant American Family under Plaintiff's own underinsured motorist policy have been met.

39. That on or about May 25, 2023, Plaintiff sent Defendant American Family a demand for settlement of her claim under the underinsured motorist provision of the insurance policy.

40. That as a direct and proximate result of Defendant American Family's breach of the insurance contract, Plaintiff has been damaged.

WHEREFORE, Plaintiff Linda Alexander, prays for a judgment in her favor and against Defendant American Family Mutual Insurance Company, S.I. on Count III, for an award of damages in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with Plaintiff's costs herein expended, and for any other and further relief this Court deems just and proper under the circumstances.

**COUNT IV**
**Defendant American Family's Vexatious Refusal to Pay**

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

41.     Plaintiff hereby incorporates by reference the above allegations ass though fully set forth herein.

42.     That on or about May 25, 2023, Plaintiff sent Defendant American Family a formal demand for settlement of her claim under the underinsured motorist provision of the insurance policy.

43.     That in the formal demand served upon Defendant American Family, Plaintiff acknowledged that she has accrued Twenty Thousand Fifty Dollars and Ten Cents ($20,050.10) in medical bills and has suffered significant and permanent injuries resulting from the collision.

44.     That Defendant American Family has failed to make a payment under and in accordance with the terms of the underinsured motorist provision of the insurance contract.

45.     That Defendant American Family's refusal to pay for the losses incurred by Plaintiff as a result of the collision were and are without reasonable cause or excuse.

46.     That pursuant to RSMo § 375.420, Plaintiff is entitled to, in addition to all damages associated with Count I, twenty percent (20%) of the first $1,500.00 of loss and ten percent (10%) for all losses greater than $1,500.00, as well as Plaintiff's attorney fees.

WHEREFORE, Plaintiff Linda Alexander, prays for a judgment in her favor and against Defendant American Family Mutual Insurance Company, S.I. on Count IV, for an award of damages in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with Plaintiff's costs herein expended, and for any other and further relief this Court deems just and proper under the circumstances.

Dated: February 27, 2026,                                        Respectfully Submitted,

7

Electronically Filed - St Louis County - February 27, 2026 - 01:58 PM

*/s/ Ryan M. Campbell*
Ryan M. Campbell #69030
**MORGAN & MORGAN**
200 N. Broadway, Suite 720
St. Louis, MO 63102
Tel: 314-252-7201
Fax: 314-252-7268
Email: ryan.campbell@forthepeople.com
***ATTORNEY FOR PLAINTIFF***